**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**HENRY FIORENTINO,**

Petitioner,

v.                                          **CIVIL ACTION NO. 5:22-CV-304**
                                            Judge Bailey

**R.M. WOLFE,** and **C. NUNLEY,**
Acting Warden**,**

Respondents.

<u>**REPORT AND RECOMMENDATION**</u>

**I.    INTRODUCTION**

On December 9, 2022, the *pro se* petitioner, Henry Fiorentino, ("petitioner"), filed

a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1].  On January

3, 2023, petitioner paid the $5 filing fee.  [Doc. 5].  Petitioner is a federal inmate who is

housed at FCI Gilmer in Glenville, West Virginia, and is challenging the BOP's

computation of his sentence, application of time credits under the First Step Act, and

refusal to transfer him to another facility.  On February 3, 2023, the respondent filed a

response seeking dismissal of the petition, which the Court construes as a Motion to

Dismiss.  [Doc. 9].  On February 15, 2023, the petitioner filed a reply.  [Doc. 10].  Further

pending before this Court is a *pro se* letter, filed May 18, 2023, which the Court construes

as a Motion Requesting Court to Intervene in Petitioner's Transfer.  [Doc. 11].  This matter

is pending before the undersigned for an initial review and Report and Recommendation

pursuant to LR PL P 2 and 28 U.S.C. § 1915A.  For the reasons set forth below, the

undersigned recommends that the Motion to Dismiss be granted and the petition be denied and dismissed.

## II. BACKGROUND[1]

### A.   Conviction and Sentence

On February 25, 2011, petitioner was charged in a multi-count superseding indictment in the Eastern District of New York.  Following a jury trial, petitioner was found guilty of: Count One: conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) ("Hobbs Act robbery"); and Count Two: conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 841(b)(1)(C), and 841(b)(1)(D).   On February 13, 2015, petitioner was sentenced to a total term of twenty-two years of incarceration. Following an appeal, the Second Circuit affirmed the conviction.  On December 11, 2017, petitioner filed a Motion to Vacate Under 28 U.S.C. § 2255, which remains pending.

According to the Bureau of Prison's ("BOP") website, petitioner's projected release date, via good conduct time, is May 10, 2027

### B.   The Instant Petition for Habeas Corpus Under § 2241

In his petition, petitioner alleges, first, that the BOP has erroneously defined his underlying conviction under 18 U.S.C. § 1951(a) as a crime of violence, resulting in a higher security designation.   Second, he alleges that the BOP has incorrectly

---

[1]  The information in this section is taken from the petitioner's criminal docket available on PACER.  *See USA v. Bonilla et al*, 1:08-CR-00242-LDH-18 (E.D. N.Y. 2008) . *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

implemented and miscalculated his earned time credits under the First Step Act for participation in recidivism reduction programs.  Finally, he alleges that under the First Step Act he is entitled to transfer to an institution closer to his release residence but that the BOP has categorically refused transfers.  For relief, he asks that the Court order the BOP to fix its computation data to reflect that 18 U.S.C. § 1951(a) is not a crime of violence nor a racketeering crime, that the Court order the BOP to grant petitioner 12 months time credits under the First Step Act, and to transfer him to a facility nearer his release residence.

On May 18, 2023, petitioner filed his *pro se* letter, which the Court construes as a Motion Requesting Court to Intervene in Petitioner's Transfer. [Doc. 11].  In the Motion, petitioner alleges that the BOP is retaliating against him for filing the instant action by transferring him to USP Thompson in Illinois and asks the Court to intervene to prevent the transfer; he further states that since filing his petition, the BOP has given him one year of time credits and one year toward placement in prerelease custody.

### III.    LEGAL STANDARDS

**A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction.  A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment.  ***Adams v. Bain***, 697 F.2d 1213, 1219 (4th Cir. 1982); ***Mims v. Kemp***, 516 F.2d 21 (4th Cir. 1975).  Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction.  No presumptive

3

truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  *See **Materson v. Stokes***, 166 F.R.D. 368, 371 (E.D. Va. 1996).  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3).

**B.    Motion to Dismiss for Failure to State a Claim**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.'  ***Bell Atl. Corp. v. Twombly***, 550 U.S. 554, 570 (2007) (emphasis added)."  ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs.  ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995).  In ***Twombly***, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible."  *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion."  ***Williams v. Branker***, 462 F. App'x 348, 352

(4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006).  However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint.  *Id*. at 396–97.

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. ANALYSIS

### A.     Security Designation and Transfer

In his first ground, petitioner argues that the BOP as incorrectly labeled his crime of conviction as a racketeering crime and has defined his crime as a "crime of violence." [Doc. 1 at 5].  Despite framing this issue as one in which the BOP's "sentence computation data is in error," petitioner does not allege that the BOP's classification affects the duration of his sentence nor does he allege that the sentencing court erroneously sentenced him. Instead, construing the claim liberally, petitioner is challenging the BOP's security designation, which appears to be in part determined by its classification of petitioner's conviction as a crime of violence.  Among the relief requested, he asks that the Court order the BOP to fix its computation data and contends that his security classification should be "low."

Similarly, in his third ground, petitioner argues that under the First Step Act he is entitled to be transferred to an institution closer to his release residence and that the BOP and FCI Gilmer are refusing to provide transfers regardless of security classification. [Doc. 1 at 6].

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." *Id*. at 498.

Incentives for participation in evidence-based recidivism reduction plans are set forth in 18 U.S.C. § 3632(d), which includes transfer to a facility closer to release residence:

> (d) Evidence-based recidivism reduction program incentives and productive activities rewards.--The System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs as follows:
>
> …
>
> (2) Transfer to institution closer to release residence.--A prisoner who is successfully participating in an evidence-based recidivism reduction program shall be considered by the Bureau of Prisons for placement in a facility closer to the prisoner's release residence upon request from the prisoner and subject to—
>
> (A) bed availability at the transfer facility;
>
> (B) the prisoner's security designation; and
>
> (C) the recommendation from the warden of the prison at which the prisoner is incarcerated at the time of making the request.

18 U.S.C.A. § 3632(d)(2). However, the determination of a federal prisoner's security designation and place of imprisonment generally fall under the discretion of the BOP. Although the above section sets forth transfer as a potential reward for participation in evidence-based recidivism reduction programs, it is subject to bed availability, security designation, and a recommendation from the warden.

The Fourth Circuit has held that a petitioner's "claim seeking to have the BOP reconsider where he is being housed is one that would not fall within the scope of habeas corpus." ***Wilborn v. Mansukhani***, 795 F. App'x 157, 164 (4th Cir. 2019). Further, in ***Rodriguez v. Ratledge***, 715 F. App'x 261, 266 (4th Cir. 2017), the Fourth Circuit found a petitioner's challenge to his transfer to higher security institution "was not a cognizable 2241 claim, because this petition challenges the conditions of his confinement, not its fact or duration."

Other Courts of Appeal have similarly held that prisoners have no constitutional right to placement in any particular institution or custody classification. ***Neal v. Shimoda***, 131 F.3d 818, 828 (9th Cir.1997) ("[A] prisoner does not have a constitutional right to be housed at a particular institution, ..., [or] to receive a particular security classification....") (citing ***Meachum v. Fano***, 427 U.S. 215, 224 (1976), ***Moody v. Daggett***, 429 U.S. 78, 87 n.9, (1976); ***Neals v. Norwood***, 59 F.3d 530, 533 (5th Cir. 1995) ("[A] prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation.") (citing ***Wilson v. Budney***, 976 F.2d 957 (5th Cir. 1992)).

An inmate's classification is administrative and prison officials can change an inmate's security classification "for almost any reason or no reason at all." ***Brown v. Ratledge***, No. 7-16-CV-00303, 2017 WL 4404248, at *7 (W.D. Va. Sept. 29, 2017, aff'd, 709 F. Appx. 215 (4th Cir. 2018) (per curiam) (unpublished) (citations omitted).

In his reply, petitioner acknowledges that transfer of federal prisoners falls under the discretion of the BOP, but contends that this Court may make a recommendation to the BOP and that it retains the right to approve of transfer under Fed.R.App.P. 23(a) because he has a habeas petition under 28 U.S.C. § 2255 before the Eastern District of

New York.  [Doc. 10 at 2].  This rule applies when a decision in a habeas proceeding is pending review by an appellate court; it is not relevant here, nor does anything in the rule permit a court to recommend a transfer to the BOP.  Petitioner's first and third grounds raised in his petition, challenging his security designation and denial of transfer, are not cognizable under § 2241 and should therefore be dismissed.

Finally, the Court notes that on May 18, 2023, petitioner filed a *pro se* letter, which the Court construes as a Motion Requesting Court to Intervene in Petitioner's Transfer. [Doc. 11].  In the Motion, petitioner alleges that the BOP "has maliciously retaliated against petitioner for the filing of the 2241 and is attempting to transfer petitioner to USP Thompson in the State of Illinois."  [Doc. 11 at 1].  Petitioner contends that this is in violation of his constitutional rights under the First Step Act, which he contends requires the BOP to transfer him closer to his release residence at the request of the prisoner. Petitioner emphasizes the First Step Act's language that the BOP "shall" transfer prisoners within 500 driving miles of release residence.  [Id. at 2].  As set forth above, the section to which petitioner refers states that prisoners who have completed recidivism reduction programs "shall **be considered** by the Bureau of Prisons for placement in a facility closer to the prisoner's release residence" and is subject to several conditions.  18 U.S.C.A. § 3632(d)(2) (emphasis added).  Accordingly, for the same reasons that the first ground in the petition should be denied, the undersigned finds that this Motion should be denied.

## B.    FSA Time Credits

In petitioner's second ground, he alleges that the BOP has failed to apply time credits under the First Step Act ("FSA").  Petitioner contends that he is entitled to 365 days credit towards release.  In petitioner's Motion Requesting Court to Intervene in

Petitioner's Transfer, petitioner states that the BOP has since corrected its calculations and given him one year of time credit and one year toward prerelease custody; accordingly, he states that Claim 2 of the petition is moot.  The undersigned finds that this should be construed as a withdrawal of the second claim; as petitioner has apparently received the relief he sought on this ground, it is now moot.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss [**Doc. 9**] be **GRANTED** and the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.  Further, the Motion Requesting Court to Intervene in Petitioner's Transfer [**Doc. 11**] should be **DENIED**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  May 22, 2023.

*/s. James P. Mazzone*

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

10